### *ORILLON vs. NERAULT.*

**APPEAL FROM THE COURT OF THE FOURTH DISTRICT, THE JUDGE THEREOF PRESIDING.**

A vendor of the right of mortgage who warrants only the existence of his claim, cannot be objected to as a witness on the score of interest to prove possession in his vendee.

The plaintiff stated, that he was the legal owner and possessor of a tract of land, upon which the defendant had illegally entered and committed various trespasses. The petition concluded with a prayer for damages, and a decree

quieting the plaintiff in his title to and possession of the
land.   The defendant pleaded the general issue, and further,
that Mayer then was, and had been for more than one year
previous to the disturbance complained of, in quiet and peace-
able possession of the land, and that the defendant was
thereon by the consent and permission of Mayer.

The land in controversy had been adjudicated to Blake,
who failing, the purchase money was paid by his surety,
Dupuy.   The latter, in consideration of its reimbursement
by the defendant, transferred to him his claim for restitution
against the syndics of Blake, as well as the hypothecary right
which became vested in him by the payment, warranting
nothing more than the existence of the right at the time of
the transfer.   The defendant accepted this transfer with the
special warranty of the right, and renounced all right of
recovery against Dupuy, on any other account.   On the
trial of the cause, the defendant offered Dupuy as a witness
to prove possession, who was objected to by the plaintiff on
the score of interest.   The court overruled the objection,
and the plaintiff took a bill of exceptions.   There was
judgment of non-suit, and the plaintiff appealed.

*Burke* and *Davis*, for appellant.

*Nichols*, for appellee.

*Martin, J.*, delivered the opinion of the court.

The plaintiff states himself to have been the owner and
possessor of a tract of land, when the defendant entered
upon it, cut down trees, and drove off the plaintiff's hands,
who were at work in repairing the levee.   He prays for
damages, and an injunction, provisional and perpetual, to the
defendant, exhibiting further disturbances.

The defendant pleaded the general issue, and denied that
the plaintiff ever was in possession of the premises; and
averred, that Mayer is, and was, for one year before the
inception of the suit and before the disturbance complained

Eastern District.
*March* 1831.

ORILLON
*vs.*
NERAULT.

A vendor of the right of morgage, who warrants only the existence of his claims, cannot be objected to as a witness on the score of interest, to prove possession in his vendee.

of, and the defendant was thereon, with the consent and permission of Mayer.

There was judgment of non-suit, and the plaintiff appealed.

Our attention is first drawn to a bill of exceptions taken by the plaintiff to the admission of Aubry as a witness, on the score of interest. He declared on his *voiredire*, that he had transferred to Nerault a right of mortgage, which he claimed on the premises as subrogated to the rights of Mayer's heirs. The witness had warranted the existence of his right, and nothing else ; and the transferree renounced all right of recovering any thing on any other account.

We think the judge did not err. The witness was brought in to prove possession only. He was only bound to warrant the existence of his claim.

On the merits, we think the judge was equally correct.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.